22948. MERRIAM *v.* THE STATE.

DECIDED APRIL 5, 1933.

*Hugh E. Combs, Earle Norman,* for plaintiff in error.
*M. L. Felts, J. Cecil Davis, solicitors-general,* contra.

BROYLES, C. J. The defendant (a negro woman) was convicted of committing fornication with Clem Reese, a white man; and her motion for a new trial (which was overruled) embraced the usual general grounds only. The sole contention of counsel for plaintiff in error (as shown by their brief) is that the evidence failed to show that the accused was an unmarried or single woman at the time of the alleged offense, and therefore that the verdict was not supported by the evidence. It is settled law that in a trial for fornication a conviction can not be sustained unless the evidence shows that both the man and the woman engaged in the intercourse were unmarried persons at that time. In the instant case a witness for the State testified as follows: "Clem Reese is not married. This woman, Lucile Merriam [the defendant], has been married, but she is not living with her husband. I think probably he is dead, as *she has told me that before. She is now a widow."* (Italics ours.) The defendant introduced no evidence, and made no statement to the jury. In our opinion the foregoing evidence authorized the jury to find that the accused was an unmarried woman at the time of the alleged offense. The facts of this case differentiate it from those cited in the brief of counsel for the plaintiff in error.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*